## TOM HART v. THE STATE.

### No. 3652. Decided June 25, 1915.

**Local Option—Sufficiency of the Evidence—Date of Offense.**

Where upon the record it seems clear that the witness for the State, in stating the date of the offense, inadvertently stated another date, and that the witness could only have intended to state the date of the offense as alleged in the information, and the evidence was otherwise sufficient to sustain the conviction, there was no reversible error.

Appeal from the County Court of Johnson. Tried below before the Hon. B. Jay Jackson.

Appeal from a violation of the local option law; penalty, a fine of one hundred dollars and sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—On March 11, 1915, the grand jury indicted appellant for unlawfully selling intoxicating liquors to Emmett Williams on or about January 1, 1915. The case was on the same day properly transferred to the County Court, and he duly tried on March 17, 1915. He was convicted and his punishment assessed at sixty days in jail and a fine of $100.

The State proved that prohibition was properly in force in said county under an election, etc., in 1904, and this was also admitted. Said Williams after testifying positively to the sale to him by appellant of a half pint of whisky in 1915, said: "I bought said whisky this year. This year is *1904.*" The only other witness was appellant himself, who testified: "I never sold Emmett Williams a half pint of whisky or any amount of whisky in my life."

By the charge the court required the jury to believe from the evidence beyond a reasonable doubt that appellant "did on or about the 1st day of January, 1915, in Johnson County, Texas, sell intoxicating liquor to one Emmett Williams as charged in the indictment," etc., before they could convict him; also the presumption of innocence and reasonable doubt. In addition he gave appellant's special charge that if they believed said Williams purchased the whisky testified to by him from appellant, "in the year *1904*" to acquit him. The only point in the case is based on said Williams' testimony quoted above. It seems clear that when the witness said "this year is *1904,*" he meant and intended *1915*, and no one could have understood otherwise. At any rate, under the pleadings, evidence and charge of the court, the verdict is neither contrary to the law, nor to the evidence, which are the only grounds of his motion for new trial.

The judgment is affirmed.

*Affirmed.*